IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| ARBY'S RESTAURANT GROUP, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 8:11-cv-03619-AW |
| WADE C. KINGSLEY *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Arby Restaurant Group, Inc.'s Motion for Summary Judgment. The Court has reviewed the record and deems a hearing unnecessary. For the reasons articulated herein, the Court **GRANTS** Plaintiff's Motion for Summary Judgment.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Arby's Restaurant Group, Inc. (ARG) is a Delaware corporation with its principal place of business in Georgia. Defendants Wade Kingsley (W. Kingsley) and Donna Kingsley (D. Kingsley) are individuals who reside in Maryland and whose principal place of business is likewise Maryland.

ARG has also sued two business associations: KBK, Inc. (KBK) and KBK Clinton LLC (KBK Clinton). KBK is a Maryland corporation with its principal place of business in Maryland. Similarly, Defendant KBK Clinton is a Maryland LLC with its principal place of business in Maryland. W. Kingsley owns one-third of the issued and outstanding shares of KBK, and is an

officer and director of KBK. W. Kingsley and D. Kingsley (the Kingsleys) are each 50% owners and managing members of KBK Clinton.[1]

ARG's predecessors, Arby's Inc. and Arby's Franchise Trust, entered into nine separate franchise agreements with KBK between 1993 and 2006, pursuant to which KBK was granted a license to operate nine Arby's restaurants in Maryland (eight locations) and Virginia (one location). ARG is the successor-in-interest to Arby's Franchise Trust and Arby's, Inc. The franchise agreements for each of these franchises are identical in all pertinent respects. The Court refers to them, both individually and collectively, as the "KBK Agreement."

Similarly, ARG entered into a franchise agreement with KBK Clinton on or about April 19, 2010, pursuant to which KBK Clinton was granted a license to operate one Arby's restaurant in Maryland. This agreement differs from the KBK Agreement in certain respects immaterial to this case. The Court refers to it as the "KBK Clinton Agreement." The Kingsleys guaranteed the obligations of KBK Clinton under the KBK Clinton Agreement.

By letter dated September 29, 2011 (Notice of Default), ARG notified KBK Clinton that it had defaulted under the KBK Clinton Agreement by virtue of its failure to pay royalties and AFA dues. Despite receiving the Notice of Default, KBK Clinton failed to cure the default. Therefore, by letter dated October 11, 2011 (Notice of Termination), ARG notified KBK Clinton that it was terminating the KBK Clinton Agreement effective immediately. Additionally, despite receipt of a November Notice of Trademark Infringement, Defendants continued to operate the ten Arby's restaurants using ARG's Arby's trademarks and licensed know-how until around December 25, 2011. ARG asserts that, as of December 25, 2011, KBK Clinton and the Kingsleys, jointly and severally, owe $66,917.36 in unpaid royalties and AFA dues.

---

[1] ARG also sued James C. Kellum and Richard L. Best. ARG voluntarily dismissed these Defendants from the suit. Doc. No. 14. The Court will terminate these Defendants.

On December 16, 2011, ARG filed its Complaint. Doc. No. 1. The Complaint, which contains eight counts, sounds in breach of contract/guarantee and trademark infringement.

Contemporaneously with its Complaint, ARG filed a Motion for a Temporary Restraining Order (Motion for a TRO). Doc. No. 3. The gravamen of this Motion was that Defendants continued to operate the ten Arby's franchises despite ARG's termination of the subject agreements. This Motion was resolved via a stipulation entered on December 21, 2011, by which Defendants agreed to close the Arby's restaurants and cease using Arby's trademarks. Doc. No. 10. This stipulation essentially disposed of ARG's trademark infringement claims.

Subsequently, Defendants answered and the case went into discovery. In late March 2012, ARG served its request for admissions (Notice to Admit) on Defendants, whose response was due in late April/early May. Approximately two weeks later, Defendants filed a response to ARG's Notice to Admit in which they agreed to the vast bulk of ARG's factual contentions.

At the close of discovery, ARG moved for summary judgment. Doc. No. 22. In its Motion for Summary Judgment, ARG argues that it is entitled to judgment as a matter of law on its breach of contract/guarantee claims for two primary reasons: (1) Defendants failed to file a timely response to ARG's Notice to Admit, thereby conceding the truth of ARG's factual assertions; and (2) it is undisputed that Defendants received notice of their default of the agreements and failed to cure them.

On June 4, 2012, Defendants filed their Response. Doc. No. 23. Defendants argue that their delay in responding to ARG's Notice to Admit is not a basis for summary judgment because the delay did not prejudice ARG. Defendants also argue that summary judgment is improper because (1) KBK assigned its rights and obligations under the KBK Agreement to KBK Operations and (2) ARG did not give KBK an opportunity to cure its default of the KBK

Agreement. Notably, Defendants did not respond to ARG's argument that it was entitled to summary judgment on its breach of contract/guarantee claim against KBK Clinton and the Kingsleys.

On July 3, 2012, as ARG's Motion for Summary Judgment pended, KBK filed a suggestion of bankruptcy. Doc. No. 28. A few days later, ARG filed a response to KBK's suggestion of bankruptcy in which it agreed that its claims against KBK should be stayed pursuant to 11 U.S.C. § 362. However, ARG reminded the Court that its claims against KBK Clinton and the Kingsleys are not stayed as a result of KBK's filing of its bankruptcy petition.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Material disputes are those that "might affect the outcome of the suit under the governing law." *Id.*

Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, the nonmoving party cannot create a genuine dispute of

material fact "through mere speculation or the building of one inference upon another." *See Beal v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Further, if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Finally, hearsay statements or conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment. *See Greensboro Prof'l Firefighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

**III.   LEGAL ANALYSIS**

**A.    Whether Defendants Automatically Admitted the Truth of the Charges in ARG's Notice to Admit**

Rule 36 of the Federal Rules of Civil Procedure generally provides that a matter is admitted unless the party to whom the request is directed responds within 30 days after being served. Fed. R. Civ. P. 36(a)(1)(3). However, it is "within the court's discretion to allow untimely answers to requests for admissions, when such an amendment of the admission will not prejudice the other party." *Donovan v. Porter*, 584 F. Supp. 202, 208 (D. Md. 1984) (citation omitted).

In this case, Defendants' response to ARG's Notice to Admit was only two weeks late, and ARG has not identified any prejudice that would result were the Court to decline to automatically accept the truth of all of ARG's factual assertions. Accordingly, the Court declines to rule that Defendants admitted the truth of all the factual assertions in ARG's Notice to Admit simply by viture of their belated response.

**B.      Whether to Enter Summary Judgment Against KBK Clinton and the Kingsleys**

ARG has sued to enforce the KBK Agreement (which comprises nine separate franchise agreements) and the KBK Clinton Agreement (which represents a single agreement). In light of KBK's suggestion of bankruptcy, the main question before the Court is whether to grant summary judgment on ARG's breach of contract/guarantee claim against KBK Clinton and the Kingsleys.

ARG observes that Defendants have not responded to its argument that summary judgment in its favor on its breach of contract/guarantee claim against KBK Clinton and the Kingsleys is proper. ARG further asserts that this failure entitles it to summary judgment on said claim. The Court agrees and, hence, its analysis will be brief.

The KBK Clinton Agreement contains a choice of law clause providing that Georgia law applies to disputes arising under the Agreement. *See* Doc. No. 22-7 at 20. Therefore, the Court applies Georgia law to the dispute. *See Bank of Am., N.A. v. Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d 505, 517–18 (D. Md. 2011).

"The elements of a right to recover for a breach of contract are the breach and the resultant damages to the party who has the right to complain about the contract being broken." *Graham Bros.' Const. Co., Inc. v. C. W. Matthews Contract. Co., Inc.*, 284 S.E.2d 282, 286 (Ga. Ct. App. 1981) (citation omitted). Here, Defendants concede that KBK Clinton bound itself to an agreement expressly empowering ARG to terminate it if ARG gives notice of the default, demands payment, and KBK Clinton fails to cure the default within ten days. *See* Doc. No. 22-7 at 31; *see also* Doc. No. 22-5.

As for damages, the KBK Clinton Agreement expressly obligates KBK Clinton to pay ARG a monthly royalty fee payment, a late fee for overdue royalty payments, and an advertising

and marketing service fee. *See* Doc. No. 22-7 at 4, 10. Furthermore, KBK Clinton does not dispute that it failed to make such payments. *See* Doc. No. 22-12 at 2. Accordingly, a reasonable juror could only conclude that ARG incurred damages as a result of KBK Clinton's breach of the KBK Clinton Agreement.

The Court must ascertain the quantum of damages. ARG asserts that it is entitled to unpaid royalties and AFA dues against KBK Clinton in the principal amount of $66,917.36. Doc. No. 22 ¶ 41. ARG also asserts that the Kingsleys are jointly and severally liable for this amount as guarantors of the KBK Clinton Agreement. *See* Doc. No. 22-8.

ARG includes evidence itemizing these damages. *See* Doc. No. 22-13 at 3. In their response to ARG's Notice to Admit, Defendants denied the accuracy of these amounts, though only on the procedural ground that Defendants lacked sufficient information to confirm or deny them. *See* Doc. No. 22-12 ¶ 22. However, after a full and fair opportunity to discover contrary evidence and respond to ARG's Motion for Summary Judgment, Defendants have proffered no evidence or argument contradicting ARG's calculations. Therefore, the Court enters judgment against KBK Clinton in the principal amount of $66,917.36. Furthermore, as the Kingsleys guaranteed the KBK Clinton Agreement, the Court enters judgment against them in the same amount.

C.     **Attorney's Fees**

ARG argues that the Kingsleys are obligated to pay attorney's fees pursuant to paragraph three of their guarantee. Based on the guarantee's plain language, the Court agrees. *See* Doc. No. 22-8 at 1. ARG asserts that, at the time it filed its Motion for Summary Judgment, it has incurred legal fees in the amount of $29,691.77. Additionally, ARG seeks the Court's leave to file an

additional affidavit in accordance with Appendix B of the Local Rules identifying the full amount of attorney's fees that the Kingsleys owe it.

Accordingly, the Court will enter judgment against the Kingsleys for the reasonable attorney's fees ARG incurred in connection with KBK Clinton's breach of the KBK Clinton Agreement. The Court orders ARG to submit, within fourteen days of the entry of the accompanying Order, declarations and evidence particularizing the reasonable attorney's fees ARG incurred in connection with KBK Clinton's breach of the KBK Clinton Agreement.

### D.     KBK's Suggestion of Bankruptcy

ARG's claims against KBK have been automatically stayed pursuant to 11 U.S.C. § 362, and KBK is the only Defendant against whom ARG has unresolved claims. Therefore, the Court will stay and administratively close the case. The Court will lift the stay and reopen the case for good cause shown.

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** ARG's Motion for Summary Judgment. A separate Order follows.

| December 26, 2012 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |